IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOHMANN & RAUSCHER, INC.,
a Kansas corporation,

        Plaintiff,

vs.                                           Case No. 05-2369-JWL

YKK (U.S.A.) INC.,
a New York corporation,

        Defendant.
_____

## AGREED PROTECTIVE ORDER

Pursuant to disclosures required by the Federal Rules of Civil Procedure, and discovery requests that have been made or that may be made in this litigation, the parties or third-party witnesses may be required to produce documents, testimony, or other material ("Discovery Material") that contains confidential information, including, but not limited to, trade secrets, proprietary business information, sales data, customer information, pricing data, and other confidential information. Accordingly, the parties have stipulated and agreed, and it is the order of the Court that:

        1.        Discovery Material that contains confidential information, including, but not limited to, trade secrets, proprietary business information, sales data, customer information, pricing data, or other confidential information the public disclosure of which would cause harm to a party, shall be treated as Protected Discovery Material and used only in accordance with the provisions of this Protective Order, provided that the party claiming protection clearly identifies the Discovery Material being produced as Protected Discovery Material at the time of production:

      (a)      in the case of documents or other tangible things, by stamping or marking on each document a legend stating that the Discovery Material is Protected Discovery Material or Confidential;

      (b)      in the case of documents or other tangible things produced by a third party in response to a subpoena; then by having the responding party mark the documents pursuant to the procedure referenced in subpart (a) above, or if the responding party fails to do so, within ten (10) days after production a party designates the documents Protected Discovery Material or Confidential, at which point the designating party will be allowed to stamp or mark the documents pursuant to the procedure referred in subpart (a) above;

      (c)      in the case of testimony, by clearly indicating prior to such portion of the testimony that it is Protected Discovery Material or Confidential subject to the terms of this Protective Order, by separately binding the transcript of such portion of the testimony, and by filing it under seal to be used only in accordance with this Order.

      2.      Protected Discovery Material shall include summaries, excerpts, or other documents or materials (but not pleadings, motions, or memoranda filed with the Court) that incorporate information obtained from Protected Discovery Material.

      3.      Protected Discovery Material shall be used by the party receiving it solely for pre-trial investigation and discovery, preparation for trial, trial, or other proceedings in this litigation, and shall not be used for any other purpose; provided, however, that this shall not preclude the disclosure of Protected Discovery Material pursuant to lawful order or request of any court or federal agency.

      4.      Protected Discovery Material may be disclosed only to the following persons:

(a) The undersigned attorneys who have entered their appearances for either party and their legal assistants, secretaries, and support personnel who are directly employed by those attorneys and who are assisting them in this action;

(b) The plaintiff and defendants in this action, including their officers, directors, and employees whose assistance is required in preparing for trial and who need access to such material to render such assistance;

(c) Experts or consultants retained by any party in connection with this action;

(d) The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessary in preparing for trial in this case; and

(e) Such other persons as the parties shall agree in writing, or the Court shall determine should be given access to the protected information.

5. Each person described in subparagraphs (c) or (e) of paragraph 4 to whom Protected Discovery Material is to be disclosed shall first be provided with a copy of this Protective Order by the disclosing party and shall signify his or her agreement to be bound by its terms by signing a copy of an Acknowledgment and Agreement to be bound by the Protection Order, in a form attached hereto as Exhibit "A," and having it filed with the Court.

6. In the event of a dispute whether Discovery Material is properly designated as Protected Discovery Material, the attorneys for the parties shall make a good faith effort to resolve the dispute before bringing the matter to the Court and shall so certify to the Court in any papers filed in connection with the dispute.  Pending resolution of the dispute, the Discovery Material shall be treated as Protected Discovery Material.

7. In the event that a party inadvertently produces Discovery Material that it believes should be treated as Protected Discovery Material but without first identifying it as required by this Order, the party to whom it was produced shall, upon notification of the error, make a good faith effort to retrieve the material from unauthorized recipients.

8. If other persons become parties to this litigation, Protected Discovery Material may be disclosed to such parties after they have executed and filed with the Court a Joinder Agreement in the form attached to this Order as Exhibit "B."

9. Upon termination of this litigation (whether by judgment, settlement or otherwise), counsel for each party shall:

(a) assemble and return to the producing party all Protected Discovery Material produced by the producing party that does not contain attorney notes or other attorney work product; and

(b) certify to counsel for the producing party that all Protected Discovery Material that contains attorney notes or other work product and all Protected Discovery Material which was created by excerpt, summary or by the incorporation of information from Protected Discovery Materials, have been destroyed. Nothing in this Order shall require the return or destruction of copies of pleadings, motions, or memoranda filed with the Court.

10. Nothing in this Order shall be deemed to restrict in any way any party or its attorneys with respect to the use of that party's own documents or materials, or of documents or materials obtained outside discovery or other than through Court disclosures.

11. Upon settlement or final judgment, appeals having been finally resolved or time for appeal having passed with no appeal being filed, the Court will entertain motions for copies of Protected Discovery Material introduced into evidence in this matter to be withdrawn from evidence and returned to the producing parties.

12. Any party may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice their rights to seek modification.

IT IS SO ORDERED.

Entered on this 5thday of January, 2006.

s/ Gerald L. Rushfelt
United States Magistrate Judge

PREPARED AND APPROVED BY:


By _____
    Leonard J. Johnson (KS #09877)
    Shane C. Mecham (KS #21973)
    Stinson Morrison Hecker LLP
    1201 Walnut, Suite 2900
    Kansas City, Missouri 64106-2150
    Telephone:  (816) 842-8600
    Facsimile:  (816) 691-3495
    ljohnson@stinsonmoheck.com
    smecham@stinsonmoheck.com
      ***Attorneys for Plaintiff***
      ***Lohmann & Rauscher, Inc***.



MARTIN, PRINGLE, OLIVER,
    WALLACE & BAUER, LLP
100 N. Broadway, Suite 500
Wichita, KS  67202-2205
Telephone: 316-265-9311
Facsimile:  316-265-2955


By _____
    David S. Wooding, KS #10781
    Greg A. Drumright, KS #20743
    B. Scott Tschudy, KS #12129
    dswooding@martinpringle.com
    gadrumright@martinpringle.com
    bstschudy@martinpringle-kc.com
      ***Attorneys for Defendant YKK (U.S.A.) Inc.***

00273843.WPD