GLR/byk/dl

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LOHMANN & RAUSCHER, INC.,

                Plaintiff,

v.

YKK (U.S.A.), INC.,

                Defendant.

CIVIL ACTION

No. 05-2369-JWL-GLR

## MEMORANDUM AND ORDER

This matter is presently before the Court on Defendant's Motion for a Protective Order and to Quash Deposition Notices (doc. 45). Pursuant to Fed. R. Civ. P. 26 and 30, Defendant requests that the Court quash Plaintiff's Notice of Depositions for three third-party representatives based on Plaintiff's stated intention to videotape the depositions and conduct them as "trial depositions," rather than as "discovery depositions." It argues that Plaintiff's last minute attempt to convert "discovery depositions" to "trial depositions" is unjust, oppressive, and unduly burdensome on Defendant. It further contends that Plaintiff failed to provide reasonable notice of the depositions as required by Fed. R. Civ. P. 32(a). Defendant requests that the Court quash Plaintiff's September 8, 2006 Notice of Depositions, but enter an order allowing the depositions of these witnesses to proceed as "discovery depositions" and requiring Plaintiff to take any "trial depositions" of these witnesses after the close of discovery. As explained below, Defendant's Motion for a Protective Order and to Quash Deposition Notices is denied.

**I.     Nature of the Dispute**

On September 8, 2006, Plaintiff served a Notice of Depositions upon Defendant. It set the depositions for Carole Ann Harves, Clark Foster, and John Turnbull for September 14, 2006 in Irvine, California. Ms. Harves, Mr. Foster, and Mr. Turnbull are representatives of Innovation Sports, Inc. ("Innovation Sports"), the company for which Plaintiff exclusively manufactured the "hook and loop" orthopedic brace straps at issue in this action. The parties agree that Innovation Sports at all relevant times has had a working relationship with Plaintiff and is intricately involved in the present dispute. Because of that close relationship, Defendant relied on Plaintiff to schedule the discovery depositions of Innovation Sports' representatives.

Defendant objected to Plaintiff's intention to videotape the September 14th depositions and proposed that they be used expressly for discovery, premised on its understanding of the mutual agreement of the parties, with subsequent additional "trial depositions" to be scheduled so that both parties could obtain videotaped testimony for trial. Because the proposed witnesses reside in California and multiple depositions might be inconvenient or burdensome for the witnesses or the parties, Plaintiff refused to produce the witnesses for multiple depositions as requested by Defendant. As an alternative, Plaintiff suggests that Defendant conduct the depositions for discovery purposes first, before Plaintiff conducted its videotaped depositions, followed by Defendant's cross-examination. Defendant rejects this suggestion, arguing the difficulty of deposing each witness for both discovery purposes and for trial testimony within the allotted three-hour time period, and filed the instant motion.

**II.    Legal Standard**

Fed. R. Civ. P. 26(c) provides that a court upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The party seeking a protective order has the burden of persuasion to show good cause for it.[1] To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[2] The decision to enter a protective order is within the court's discretion.[3]

## III.   Discussion and Analysis

Defendant requests that the Court quash Plaintiff's September 8, 2006 Notice of Depositions for the three representatives of Innovation Sports. It further requests that it be allowed to depose these witnesses for discovery purposes, and that Plaintiff be required to defer until after the close of discovery the depositions to preserve their testimony for trial. In support of its request Defendant advances two arguments. First it argues that it would be unjust, unreasonable, oppressive, and unduly burdensome for it to be expected to formulate and conduct its trial cross examination of the deponents prior to, or simultaneously with, discovery depositions. Second, it argues that Plaintiff's Notice of Depositions did not satisfy the five-day minimum reasonable notice requirement prescribed by Fed. R. Civ. P. 30(b)(1) and D. Kan. Rule 30.1.

### A.   Failure to provide reasonable notice

Defendant is correct that the deposition notice fails to provide reasonable notice of five days, as required by Fed. R. Civ. P. 30(b)(1) and D. Kan. Rule 30.1. Under Fed. R. Civ. P. 30(b)(1), "[a]

---

[1] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[2] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[3] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action."[4]  District of Kansas Rule 30.1 defines "reasonable notice" as five days, calculated according to Fed. R. Civ. P. 6.[5]  Plaintiff's Notice of Depositions, setting the depositions for September 14, 2006, was served on Defendant on September 8, 2006.  Excluding Saturday and Sunday made this a notice of only four days.  September 14th, of course, has long passed.  The issue of time is now moot.

### B. Request for separate discovery and trial depositions

The remainder of Defendant's Motion is essentially a request that the Court authorize, in advance, repeat depositions of multiple non-party witnesses.  Fed. R. Civ. P. 30(a)(2)(B) requires that a party seeking to depose the same witness first obtain this Court's approval.  The Court may allow such depositions "to the extent consistent with the principles stated in Rule 26(b)(2)."  Rule 26(b)(2) authorizes the Court to curtail discovery that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; or the burden or expense outweighs the likely benefit.[6]  Additionally, the propriety of deposing someone a second time addresses the discretion of the court, and "[a]bsent some showing of a need or good reason for doing so, 'the court will generally not require a deponent to appear for a second deposition.'"[7]  As this court has stated, "[c]ourts generally disfavor repeat depositions."[8]  The Federal

---

[4] Fed. R. Civ. P. 30(b)(1).

[5] D. Kan. Rule 30.1.

[6] Fed. R. Civ. P. 26(b)(2)(i)-(iii)

[7] *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) (citations omitted)

[8] *Id.* (citations omitted).

Rules of Civil Procedure, furthermore, do not recognize a distinction between trial and discovery depositions.[9] The court has expressly declined to recognize that references to such a distinction justify a party's request for multiple depositions of the same witness.[10]

Defendant's objections here arise from the challenge to formulate a strategy for cross-examination for trial purposes without a prior discovery deposition of the witness. Defendant contends that the imposition of such a requirement will be unjust, unreasonable, oppressive, and unduly burdensome. Defendant essentially proposes that the Court defer depositions to preserve testimony for trial, until those depositions have first been taken for discovery and after other discovery has also been completed. Defendant, however, fails to address the burden that would be imposed by requiring the three non-party witnesses to appear for multiple depositions. Defendant has cited no authority, and the Court otherwise knows of none, to require depositions to preserve the testimonies of witnesses, particularly non-party witnesses, to be deferred until they have first been deposed for discovery purposes. Repetitive depositions of the same witnesses, moreover, would strengthen a potential argument that they are unreasonably cumulative or duplicative.

The Court finds the other arguments of defendant are either moot or within the power of the parties to resolve primarily as matters of scheduling. For the foregoing reasons the Court denies the motion.

---

[9] *Sithon Maritime Co. v. Holiday Mansion*, No. Civ. A. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 9, 1999); *Clay v. Board of Trs. of Neosho County Cmty Coll.*, Civ. A. No. 94-2282-EEO, 1995 WL 646817, at *1 (D. Kan. Sept. 26, 1995).

[10] *See Clay*, 1995 WL 646817, at *1 (declining to grant leave to take repeat deposition of a witness based on the plaintiff's characterization of the witness' prior deposition as a "discovery deposition").

IT IS THEREFORE ORDERED THAT Defendant's Motion for a Protective Order and to Quash Deposition Notices (doc. 45) is moot in part and otherwise denied.

Dated in Kansas City, Kansas on this 13th day of November, 2006.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge

cc:   All counsel