GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LOHMANN & RAUSCHER, INC.,

                Plaintiff,

v.

YKK (U.S.A.), INC.,

                Defendant.

CIVIL ACTION

No. 05-2369-JWL-GLR

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Sanction Defendant YKK (U.S.A.) Inc. for Failure to Comply with Court Order Requiring Supplementation of Discovery Responses (doc. 88). Plaintiff requests that the Court sanction Defendant by striking its answer and defenses. As an alternative the motion asks the Court to compel Defendant to supplement its responses to Plaintiff's First Request for Production of Documents, requests 3 through 13, in the form of written responses in compliance with Rule 34(b) and to produce all responsive documents and items within ten days of the order. Plaintiff also seeks an award of its attorney fees and costs in bringing this Motion.

**I.    Background**

On September 14, 2006, Plaintiff filed its Motion to Compel Supplementation by Defendant of its Disclosures and Prior Discovery Responses. By Order dated November 14, 2006, the Court found that motion untimely by virtue of D. Kan. Rule 37.1(b). The Court nevertheless sustained it in part and ordered Defendant, by December 4, 2006, to "supplement its responses to Plaintiff's First Request for Production of Documents, requests 3 through 13, by showing that it has produced all responsive documents within its custody, control, or possession or has otherwise withheld

production to the extent that any such documents are identified in the privilege log it has served upon plaintiff."[1]

On December 4, 2006, defense counsel sent an e-mail to the attorney for Plaintiff and attached five pages of call reports that were overlooked. The e-mail then stated, "With the production of the attached call reports, [Defendant] YKK has produced all responsive documents it has located in its possession, custody or control. Defendant YKK is not aware of any other responsive documents which have not been produced."[2]

On December 22, 2006, Plaintiff's counsel sent the following reply to the e-mail:

> Although we appreciate your email of December 4, we believe that the court's order means a written response under Rule 34(b). This would respond request by request, produce all outstanding documents or certify, in writing, that YKK cannot locate any additional, responsive documents "with respect to each item or category" under the rule. We will then have a formal response that can be used in cross examination of YKK's witnesses at trial.[3]

The e-mail further advised that Plaintiff would proceed with a motion for sanction before January 3, 2007; unless Defendant provided a written response by the end of the following week.

Defense counsel responded on December 29, 2006, that "[i]n light of the Christmas holidays, we will be unable to respond to your allegations . . . within your self-imposed deadline of today. We will respond in due course." Plaintiff then filed the instant motion on January 3, 2007.

---

[1] Nov. 14, 2006 Order (doc. 77).

[2] Ex. C to Pl.'s Mot. to Sanction Def. (doc. 88).

[3] Ex. D to Pl.'s Mot. to Sanction Def. (doc. 88).

## II.  Duty to Confer

Defendant urges the Court to deny the motion because Plaintiff did not first confer in good faith.  Defendant claims that sending a single e-mail and demanding a response within four business days does not constitute a reasonable effort to confer as contemplated by the rules.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to resolve the discovery dispute, before filing a motion to compel discovery responses.  The motion to compel must include a certification of the effort to resolve the dispute.[4]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 , . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.  Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.
> <u>A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so</u>.[5]
> (Underscoring added.)

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[6]  Meet-and-confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[7]  The parties must determine precisely what the requesting party is seeking; what responsive documents or

---

[4]*Id.*

[5]D. Kan. Rule 37.2 (2006).

[6]*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[7]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[8]

Plaintiff argues that the history of this dispute shows the futility of further conferring with defense counsel and that it would have served only to allow Defendant later to argue that the motion had not been timely filed. It also suggests there is no obligation to confer with counsel who have already been ordered to perform an act.

Given the explicit requirements for counsel to confer, as set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, the Court cannot find that plaintiff adequately complied. A single e-mail and a single response by e-mail hardly meets the requirement to "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." The Court recognizes that plaintiff was nearing the end of 30 days within which to file its motion. But plaintiff should have initiated the conferring process immediately or soon after the perceived discovery failure, rather than waiting to the last few days of the period. This is particularly true, given the detail and scope of the argument plaintiff has presented to suggest defendant indeed has responsive records it has not produced. For failure of plaintiff to comply adequately with Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, the Court overrules the motion.

### III.   Failure of Defendant to Comply with Order of November 14, 2006

Notwithstanding the foregoing ruling, the Court does not ignore the arguments relating to the compliance or failure by defendant to comply with the Order of November 14, 2006. It required defendant by December 4, 2006, to supplement its responses to Plaintiff's First Request for

---

[8]*Id.*

Production of Documents, Numbers 3 through 13.  Defendant says it has complied with that order simply by sending plaintiff an e-mail

Plaintiff contends that Defendant's December 4, 2006 e-mail does not comply with the letter or the spirit of the Court's November 14, 2006, Order or the mandates of the federal rules.  It argues that Defendant was required to serve a formal response by December 4, 2006, in compliance with Rule 34, that responded in writing, "with respect to each item or category" and should have produced all previously unproduced documents and items that were responsive to Requests 3 through 13.

In response to the motion Defendant has argued that the Order of November 14, 2006, did not require it to serve a formal response in compliance with Rule 34.  It emphasizes that the Order referred only to Rule 26, did not cite Rule 34, and did not otherwise require any particular format to supplement its responses.  Simply by sending an e-mail, defendant says it ". . . believes in doing so it complied with the court's order to supplement under Rule 26(e), and a formal Rule 34 response was not required."

The Court finds this argument disingenuous.  Notwithstanding the absence of express reference to Rule 34, the November 14, 2006 Order, pursuant to Rule 26(e), directed Defendant to supplement its responses to requests 3 through 13 of Plaintiff's First Request for Production of Documents.  Rules 26 and 34 do not operate in total independence of each other.  Rule 26 governs discovery generally, including requests for production and specifically supplementation of responses.  Rule 34 relates specifically to requests for production, which is the subject matter of the motions of plaintiff and the Order of November 14. Both rules are part of the discovery rules with which every litigating attorney in this Court should be familiar.

Defendant has not shown, and the Court is otherwise not aware, of any discovery rule that contemplates or authorizes a party to substitute a limp e-mail message for a written discovery response, signed by counsel, to a request for production. To the contrary, an order under Rule 26(e) to supplement a response infers a written response as required by Rule 34(b). A written response bears a signature of an attorney of record in the case. That signature carries with it an assurance and representation to the Court and to the parties that a reasonable basis exists for the content of the response. A response is either actually or potentially a part of the Court record in the case. It may be filed, without further authentication than the signature of the attorney. Both the Court and the parties may rely upon it as the operative commitment of a party, upon which their further positions and the rulings of the Court may depend. An e-mail, by contrast, carries no such intrinsic reliability. An e-mail may or may not bear a signature of anyone. It carries no assurance that the sender vouchsafes the underlying truth of its content. An e-mail is not part of the record. Its admissibility or other use depends upon authentication or foundation. A failure to serve a truthful response invites sanctions. But a false or erroneous e-mail may or may not occasion sanctions, depending upon circumstances shown by extraneous evidence.

For the foregoing reasons the Court rejects the suggestion that an e-mail constitutes a response to a request for production within the meaning of either Rule 26 or 34. Defendant has failed to comply with the Order of November 14, 2006. That Order required it by December 4, 2006, to "supplement its responses to Plaintiff's First Request for Production of Documents, requests 3 through 13, by showing that it has produced all responsive documents within its custody, control, or possession or has otherwise withheld production to the extent that any such documents are identified in the privilege log it has served upon plaintiff." To each of those requests defendant

had initially responded, either specifically or by adopting the response to another request, that defendant will produce responsive documents in its possession, custody or control.  The Order required defendant only to do what Defendant itself had already agreed to do and to acknowledge by its supplemental responses that in fact it had now done so.

Besides once again ordering defendant to supplement its responses, the Court orders monetary sanctions against defendant for its failure to comply with the Order of November 14, 2006. It does not find that the failure was substantially justified or that other circumstances make an award of expenses unjust.  Defendant should be aware that further failure to comply with the Order of November 14, 2006, or this Order, may result in more substantive sanctions, as set forth in Fed. R. Civ. P. 37(b)(2).  The Court is making no determination at this time as to whether such sanctions may be appropriate.  That determination awaits another day, were defendant to default further its compliance with the orders.

In summary, the Court overrules Plaintiff's Motion to Sanction Defendant YKK (U.S.A.), Inc. for Failure to Comply With Court Order Requiring Supplementation of Discovery Responses (doc. 88), without prejudice to any further motion upon failure of defendant to comply with the orders of the Court.  The Court finds that the circumstances of the motion and the efforts of the parties to address the underlying discovery issues would make an award of expense against plaintiff unjust.  Upon its own motion the Court again orders defendant within ten (10) days of this date to serve upon plaintiff supplemental responses to Requests 3 through 13 of Plaintiff's First Request for Production, as hereinabove directed.  Pursuant to Fed. R. Civ. P. 37(b)(2), the Court orders defendant or its attorney to pay plaintiff reasonable expenses and attorneys fees in the total amount

of $500 for failing to obey the Order of November 14, 2006. Within 30 days of the date of this Order defendant shall file either a receipt or affidavit to show such payment.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 2nd day of March, 2007.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel