IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

**LOHMANN & RAUSCHER, INC.,**

      **Plaintiff,**

v.                                          Case No. 05-2369-JWL

**YKK (U.S.A.) INC.,**

      **Defendant.**

## MEMORANDUM AND ORDER

This lawsuit involves claims brought pursuant to the Kansas Uniform Commercial Code by plaintiff Lohmann & Rauscher, Inc. ("LRUS") against defendant YKK (U.S.A.) Inc. ("YKK"). The background of this case is discussed at length in the court's previous order (doc. 116) and will not be repeated here. Currently before the court is YKK's motion to reconsider (119) the court's March 7, 2007 memorandum and order. For the following reasons, the motion is granted in part and denied in part.

A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing. *Id*.

YKK argues that the court committed clear error warranting reconsideration when it held that lack of reasonable notice under K.S.A. 84-2-607(3)(a) was an affirmative defense waived by YKK. YKK argues that under K.S.A. 84-2-607(3)(a), the plaintiff bears the burden of pleading and proving reasonable notice. YKK is correct that the burden of establishing reasonable notice under K.S.A. 84-2-607(3)(a) falls on the plaintiff and the defendant is not required to raise it as an affirmative defense. Therefore, the court was clearly erroneous to the extent it held otherwise. Furthermore, YKK appropriately preserved any argument regarding reasonable notice in this case by alleging that LRUS failed to establish all elements essential to its claims. *See* Pretrial Order (doc. 83) at 12. Nevertheless, because LRUS did plead that it gave reasonable notice and because genuine issues of material fact remain regarding whether LRUS gave reasonable notice to YKK, the court finds that YKK is not entitled to judgment as a matter of law on this issue. Accordingly, YKK's motion is granted in part and denied in part and the issue of LRUS's compliance with K.S.A. 84-2-607(3)(a) remains to be resolved at trial.

**IT IS ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 119) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 9th day of April 2007, at Kansas City, Kansas.

s/ John W. Lungstrum  \_\_\_\_
John W. Lungstrum
United Stated District Judge